UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE ANTONIO MARIANO,

Petitioner,

v.

NORVAL VAZQUES et al.,

Respondents.
______________________________/

Case No. 1:26-cv-3024

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.)[1] For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.9.)

In an order entered on November 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

[1] The original petition was unsigned, but, in response to a court order, (ECF No. 3), Petitioner subsequently submitted a signed signature page, (ECF No. 5).

should not be granted. (Order, ECF No. 6.) Respondents filed their response and a recording of the July 7, 2026, bond hearing on November 5, 2026. (Resp., ECF No. 7; Recording of July 7, 2026, Bond Hearing, filed on Nov. 5, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Mexico who entered the United States on an unknown date. (Notice to Appear (NTA), ECF No. 7-2, PageID.73.) On June 6, 2025, Petitioner was arrested by ICE in Louisville, Kentucky. (Form I-213, ECF No. 7-1, PageID.69.)

On July 7, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 7-7, PageID.89.) At the conclusion of the July 7, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "[Petitioner] is a danger to the community. [Petitioner] has an arrest for DUI in 2025 and two prior convictions for DUI." (*Id.*) The Immigration Judge also orally stated,

> I find that these three convictions for DUI or three arrests for DUI, two with convictions, one which appears to still be pending, does make the [Petitioner] a danger to the community; even if it was the Department of Homeland Security's burden to show, I do find by clear and convincing evidence that the [Petitioner] is a danger to the community based upon these multiple DUIs, arrests and convictions."

(Recording of July 7, 2026, Bond Hearing, at 8:51–9:13, filed on Nov. 5, 2026.)

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on July 7, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.[2]

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 16, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

[2] To the extent that Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e).